UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In re<br><br>OW BUNKER HOLDING<br>NORTH AMERICA INC., et al.,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 14-51720 (AHWS)<br><br>Jointly Administered |
| SILVERSEA CRUISES LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>OW BUNKER USA, INC., et al.<br><br>　　　　　　　Defendants. | Adv. No. 14-05072 |

**PACIFIC ENERGY SOUTH WEST PACIFIC LIMITED'S RESPONSE TO SILVERSEA CRUISES LTD'S MOTION FOR AN ORDER: (1) CONSOLIDATING THE THREE CAPTIONED ACTIONS; (2) DIRECTING THE CLERK OF THE COURT TO ACCEPT THE DEPOSIT OF CASH INTO THE REGISTRY OF THE COURT; (3) ENJOINING OTHER SUITS AGAINST SILVERSEA AND ITS VESSELS; AND (4) PLACING THESE ACTIONS ON SUSPENSE PENDING OUTCOME OF "TEST CASES"**

Defendant Pacific Energy (South West Pacific) Ltd. ("PESWP"), by and through its undersigned attorneys, files the following response to Plaintiff Silversea Cruises Ltd.'s ("Silversea") Motion for an Order: (1) Consolidating the Three Captioned Actions; (2) Directing the Clerk of the Court to Accept the Deposit of Cash into the Registry of the Court; (3) Enjoining Other Suits Against Silversea and Its Vessels; and (4) Placing These Actions on Suspense Pending Outcome of "Test Cases" ("Silversea's Motion").

A. INTRODUCTION

PESWP does not oppose the requests made in Silversea's Motion. It agrees that consolidation is suitable given the legal and factual similarities of the captioned actions; that the deposit of cash, including additional interest deposits from time to time, provides security for

PESWP's claim; and that the outcome of the "Test Cases" may provide guidance in the present cases such that awaiting their decision would preserve judicial and party resources. However, whatever the outcome of the Test Cases, PESWP maintains that this Court should make an independent evaluation of the issues at hand and stay mindful of the harsh inequity that would result from failure to recognize PESWP's senior maritime lien. Accordingly, PESWP reserves all rights with respect to its valid and superior lien under the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301, *et seq.* (the "Lien Act").

B. BACKGROUND

PESWP (whose correct name is Pacific Energy (South West Pacific) Ltd., a Fijian limited liability entity) was the physical supplier of bunker fuel to the vessel SILVER EXPLORER, which bunker fuel was supplied October 18, 2014, in the Port of Lautoka, Republic of Fiji. PESWP has not been paid for the bunker fuel supplied to the SILVER EXPLORER, which bunker fuel (168,135 ambient liters) was of a value of US $142,520.00. PESWP holds a claim for payment for the bunker fuel in the amount of $142,520.00, and an invoice dated October 18, 2014, in that amount was sent to O.W. Bunker Far East PTE LTD AUS ("OW"), 300 Beach Rd., #32-01/03, The Concourse, Singapore, which invoice has gone wholly unpaid and is overdue and in default.

C. DISCUSSION

PESWP holds a senior maritime lien in the amount of $142,520.00 for supply of the bunker fuel against the vessel SILVER EXPLORER; and in addition to such lien, or, alternatively, in substitution thereof, PESWP holds a senior maritime lien in the same amount over funds such as the Court may allow to be interpleaded in this case by Silversea. PESWP's

2

lien is valid and superior under the the Lien Act, notwithstanding certain arguments that have been raised by OW and its creditors in the Test Cases.

Briefly, OW has argued that the maritime liens of physical suppliers like PESWP are invalid because the bunkers supplied were ordered by OW rather than the subject vessel or its managers. However, PESWP is not required to show privity with Silversea to satisfy the Lien Act's requirements that PESWP delivered the bunker to the SILVER EXPLORER "on the order of the owner or a person authorized by the owner." *See* 46 U.S.C. § 31342(a). The U.S. Supreme Court and other federal courts have consistently held that suppliers of routine necessaries to vessels are entitled to rely on the statutory presumption that the party ordering bunkers had authority to incur maritime liens against the vessel. *See, e.g., Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co. of California*, 310 U.S. 268, 273-80 (1940); *Marine Fuel Supply & Towing, Inc. v. M/V Ken Lucky*, 869 F.2d 473, 478-79 (9th Cir. 1988).

This is in line with the policy expressed by Congress in amending the Lien Act in 1971 to remove the U.S. suppliers' affirmative duty to inquire whether a person ordering bunkers had authority to incur maritime liens against a vessel. Courts interpreting the 1971 amendments to the Lien Act have consistently recognized that the party seeking to bar a supplier's maritime lien now bears the burden to show "actual knowledge" of a limitation on authority. *See, e.g., American Oil Trading, Inc. v. M/V SAVA*, 47 F.Supp.2d 348, 352 (E.D.N.Y. 1999); *M/V Ken Lucky*, 869 F.2d at 479.

Further, equity requires that PESWP's maritime lien be recognized here. PESWP is the only party that actually produced the value of the bunker at issue in this case and delivered the same to the SILVER EXPLORER in good faith, with the reasonable expectation to be paid the full value of its invoice. OW expected to receive no more than its profit margin from Silversea

3

in the regular course of business.  Failure to recognize PESWP's senior maritime lien in the present case would be to give OW and its secured creditors a windfall while leaving PESWP with nothing.  The injustice of such a result cannot be overstated, and it should be forefront in this Court's analysis of this case, regardless of the outcome of the Test Cases.

### D.  CONCLUSION

PESWP does not oppose Silversea's Motion, but reserves all rights with respect to its valid and superior lien.

Dated: Middletown, Connecticut  
      September 16, 2016

SHAPIRO LAW OFFICES, LLC  
Attorneys for Pacific Energy South West Pacific Limited

  /s/ Jonathan M. Shapiro  
Jonathan M. Shapiro (ct24075)  
Shapiro Law Offices, LLC  
104 Court Street  
Middletown, CT 06457  
Tel. (860) 347-3325  
Fax. (860) 347-3874  
E-mail: jshapiro@shapirolawofficesct.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Jonathan M. Shapiro
      Jonathan M. Shapiro